# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:11-00012 |
| | ) | Judge Sharp |
| ALTO PARNELL [11] | ) | |

## ORDER

Defendant Alto Parnell [22] has filed a Motion in Limine to Exclude any Testimony Regarding His Alleged Gang Affiliation and Associated Alias or Nickname (Docket No. 1651), claiming that the prejudicial effect of this information far outweighs its probative value. In support of his position, Defendant relies exclusively on United States v. Sargent, 98 F.d 325, 328 (7th Cir. 1996) wherein the Seventh Circuit stated that "[e]vidence of gang membership can taint a defendant in the eyes of the jury," and "[t]his circuit is cognizant of the insidious quality of such evidence and the damage it can do."

The suggestion that evidence of gang involvement is *per se* improper is incorrect, as Sargent itself makes clear. Immediately following the above-quoted language, the Seventh Circuit wrote: "This is not to say that gang membership is never relevant in the criminal trial. Indeed, gang membership can be key to establishing criminal intent or agreement to conspire." Id. More importantly, the Sixth Circuit "has held that evidence of gang affiliation is admissible to establish the defendant's opportunity to commit a crime, . . . or where the interrelationship between people is a central issue in the case, . . . but is inadmissible if there is no connection between the gang evidence and the charged offense." United States v. Anderson, 333 Fed. App'x 18, 23 (6th Cir. 2009) (collecting cases).

Defendant's Motion in Limine (Docket No. 1651) is hereby DENIED, with the understanding that, if the Government intends to introduce any evidence of gang affiliation and/or

1

gang membership, it will have a legitimate and recognized basis for doing so. Defendant's Motion to Strike Docket Entry Number 1648 (Docket No. 1654) because it is a duplicate filing of his Motion in Limine Regarding Gang Affiliation is GRANTED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE